UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

    Plaintiff,

-v-

PEPSICO, INC.,

    Defendant.

Case No. 1:25-cv-00664-JMF

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE
BY THE INSTITUTE FOR LOCAL SELF-RELIANCE**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................. ii

I.   INTRODUCTION ....................................................................................................................... 1

II.  PERMISSIVE INTERVENTION ............................................................................................... 3

     A.   ILSR's Motion is Timely ................................................................................................... 4

     B.   ILSR's and the Public's Interests Are Not Adequately Represented ...................... 5

III. PUBLIC ACCESS TO JUDICIAL RECORDS ........................................................................ 6

     A.   Complaints Are Presumptively Public Judicial Documents ................................... 6

     B.   Pepsi Bears the Onus of Justifying Every Redaction in the Complaint ................. 7

IV.  CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016) ............. 6

*Button v. Breshears*, No. 24-cv-03757 (MKV), 2024 WL 4742622 (S.D.N.Y. Oct. 4, 2024) ....... 7

*DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818 (2d Cir. 1997) ............................................ 7

*Doe v. Columbia Univ.*, No. 23-cv-10393 (DEH), 2024 WL 4149252 (S.D.N.Y. Sept. 11, 2024) .................................................................................................................................... 5

*E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042 (D.C. Cir. 1998) ........................................ 4

*Fed. Trade Comm'n v. Abbvie Prods. LLC,* 713 F.3d 54 (11th Cir. 2013) .................................... 6

*Fed. Trade Comm'n v. Simplicity Pattern Co.*, 360 U.S. 55 (1959) ............................................... 2

*Gambale v. Deutsche Bank AG*, 377 F.3d 133 (2d Cir. 2004) ........................................................ 6

*Gambale v. Deutsche Bank AG*, No. 02-cv-4791 (HB), 2003 WL 21511851 (S.D.N.Y. July 2, 2003) ............................................................................................................................. 4

*Generali-U.S. Branch v. Arrowood Indem. Co.*, No. 13-cv-3401 (WHP), 2013 WL 12311009 (S.D.N.Y. July 11, 2013) ................................................................................... 7

*Hosaflook v. Ocwen Loan Servicing, LLC*, No. 17-cv-28, 2020 WL 13179423 (N.D. W. Va. Jan. 9, 2020) ................................................................................................................... 5

*In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139 (2d Cir. 1987) ........................................ 4, 7

*In re Hornbeam Corp.*, No. 14-mc-424 (VSB), 2022 WL 60313 (S.D.N.Y. Jan. 6, 2022) ............ 4

*In re Pineapple Antitrust Litig.*, No. 04-md-1628 (RMB) (MHD), 2015 WL 5439090 (S.D.N.Y. Aug. 10, 2015) ................................................................................................ 4

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) .................................. 2, 6, 7

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978) ................................................................ 6

*Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775 (1st Cir. 1988) ............................................. 4

*StoneX Grp. Inc. v. Shipman*, No. 23-cv-00613 (JGK) (VF), 2025 WL 263194 (S.D.N.Y. Jan. 22, 2025) ................................................................................................................... 5

*U.S. Postal Serv. v. Brennan*, 579 F.2d 188 (2d Cir. 1978) .......................................................... 5

*United States ex rel Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571 (5th Cir. 2023) ..................... 4

**Statutes**

15 U.S.C. § 13 ................................................................................................................... 1, 2

15 U.S.C. § 45 ...................................................................................................................... 2

**Rules**

FED. R. CIV. P. 24 .................................................................................................................. 4

The Institute for Local Self-Reliance ("ILSR"), by and through its attorneys, respectfully submits this memorandum of law in support of its motion to intervene in the above-captioned case, for the limited purpose of asking this Court to unseal the Complaint filed in this matter by the Federal Trade Commission ("FTC") on January 23, 2025 and placed under seal by this Court on the same day.

I.  **INTRODUCTION**

ILSR was founded in 1974 to empower local communities by advancing policies that support thriving local economies and limit corporation consolidation and control. Dec. of Stacy Mitchell in Support of Mtn. to Intervene ("Mitchell Dec.") ¶2. It advocates for policies that recognize the importance of local, independent businesses to the vitality and well-being of communities, including by broadening opportunity, enhancing economic growth, increasing innovation, and fostering civic engagement and social cohesion. *Id*. Over the past several years, ILSR has devoted significant resources to studying how the abandonment of the Robinson-Patman Act has contributed to rising consumer prices and an epidemic of food deserts[1] and advocating for policies to prevent and remedy them. *Id*. ¶¶3–5. Price discrimination, the practice of selling the same goods to different buyers for different prices, is a significant contributing factor in this crisis. *Id*. ¶¶3, 4 That practice is prohibited by the Robinson-Patman Act, 15 U.S.C. § 13 et seq., whose enforcement ILSR has encouraged. *Id*. ¶5

The instant lawsuit, initiated by the FTC earlier this year, marked a pivotal restoration of the Robinson-Patman Act amid growing recognition by scholars, lawmakers, and public-interest organizations of the harms caused by decades of limited enforcement. It alleges violations of

---

[1] Food deserts are communities whose residents have scarce options for securing affordable and healthy food. Mitchell Dec. ¶4 n.1.

1

Sections 2(d) and 2(e), which prohibit discriminatory provision of advertising and promotional allowances and services in connection with the sale of commodities, 15 U.S.C. § 13(d), (e).[2] The conduct addressed by those sections of the Robinson-Patman Act are so serious that its "proscriptions … are absolute." *Fed. Trade Comm'n v. Simplicity Pattern Co.*, 360 U.S. 55, 65 (1959). The affirmative defenses available for other sections of the Robinson-Patman Act are unavailable to defendants facing such allegations. *Id.* at 65–66.

The Complaint filed by the FTC is heavily redacted, such that the identity of the "big box retailer" receiving preferential allowances and services from Pepsi; the disfavored smaller retailers harmed by the conduct; the nature, scope, and impact of the alleged scheme; and the commodities sold are almost entirely concealed from public view. Mitchell Dec. ¶6. The FTC stated publicly in January that it "w[ould] swiftly seek to lift the redactions in order to show the ways in which Pepsi violated the RPA on behalf of their preferred customer and how those violations raised prices for Pepsi products for competing retailers."[3] This Court also ordered Defendant PepsiCo, Inc. ("Pepsi") to file a letter motion describing why the redactions were "consistent with the presumption in favor of public access to judicial documents." Dkt. 9 at 1 (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). However, the FTC dismissed the Complaint just four months after it was filed and on the eve of Pepsi's deadline to justify the redactions to this Court. Dkt. 42. As a result, the Complaint remains largely concealed from public view.

---

[2] The Complaint also alleges parallel violations of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45.

[3] Press Release, *FTC Sues PepsiCo for Rigging Soft Drink Competition* ("FTC Press Release") (Jan. 17, 2025), available at https://www.ftc.gov/news-events/news/press-releases/2025/01/ftc-sues-pepsico-rigging-soft-drink-competition.

The communities served by ILSR have significant interests in the allegations laid out in the FTC's Complaint. Mitchell Dec. ¶2–5, 7. The Complaint asserts Pepsi charges small businesses higher prices that are, in turn, passed on to their customers. Dkt. 1 ¶¶4, 17, 45–46, 66–67. Given the scope of the redactions, it is difficult to discern the identity of those disfavored retailers, but ILSR believes that the victims are the same small grocers, convenience stores, and customers that it has advocated for over the last 50 years. Mitchell Dec. ¶7. ILSR, its stakeholders, and the general public are, under the public presumption in favor of public access already identified by this Court, entitled to an opportunity to review the Complaint to understand how the alleged scheme has impacted them and evaluate the adequacy of the allegations made by the government.

The contrasting statements from current FTC Chairman Andrew Ferguson and former Chair Lina Khan underscore the public interest in access to the unsealed Complaint. Chairman Ferguson described the Complaint as "weak,"[4] while Chair Khan characterized the alleged conduct as a "patently illegal scheme."[5] Given this divergence, it is all the more important that the public be allowed to review the Complaint in full and independently assess the adequacy of the allegations.

## II.   PERMISSIVE INTERVENTION

Rule 24(b) provides that, "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or

---

[4] Statement of Chairman Andrew N. Ferguson Joined by Commissioner Melissa Holyoak In the Matter of Non-Alcoholic Beverages Price Discrimination Investigation, Matter Number 2210158 (May 22, 2025), *available at* https://www.ftc.gov/system/files/ftc_gov/pdf/Pepsi-Dismissal-Ferguson-Statement-05-22-2025.pdf.

[5] Statement of Chair Lina M. Khan and Commissioner Alvaro M. Bedoya In the Matter of Non-Alcoholic Beverages Price Discrimination Investigation, Commission File No. 2210158, at 8 (Jan. 17, 2025), *available at* https://www.ftc.gov/system/files/ftc_gov/pdf/statement-khan-bedoya-non-alcoholic-beverages-price-discrimination-investigation.pdf..

fact." FED. R. CIV. P. 24(b)(1). Permissive intervention under Rule 24 is the accepted procedural tool for non-parties challenging confidentiality orders. *In re Hornbeam Corp.*, No. 14-mc-424 (VSB), 2022 WL 60313, at *1 (S.D.N.Y. Jan. 6, 2022); *see also E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (collecting circuit court cases adopting this procedure). Courts are generous on this issue given the "the need for 'an effective mechanism for third-party claims of access to information generated through judicial proceedings.'" *E.E.O.C.*, 146 F.3d at 1045 (quoting *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir. 1988)).

### A.     ILSR's Motion is Timely

When considering a motion to intervene, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). Because this case is closed, there is no risk of delay or prejudice. And the FTC's dismissal of the Complaint does not affect ILSR's standing to challenge the confidentiality of the Complaint or the timeliness of its request. "It is widely recognized that the district courts retain the inherent power to control access to their records on a case long after it has been resolved or settled." *Gambale v. Deutsche Bank AG*, No. 02-cv-4791 (HB), 2003 WL 21511851, at *3 (S.D.N.Y. July 2, 2003), *aff'd and remanded*, 377 F.3d 133 (2d Cir. 2004) (citations omitted); *see also In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987) ("a district court retains the power to modify or lift protective orders that it has entered"). Indeed, intervention to challenge confidentiality orders has been permitted years after a case has been closed. *See In re Pineapple Antitrust Litig.*, No. 04-md-1628 (RMB) (MHD), 2015 WL 5439090, at *2 (S.D.N.Y. Aug. 10, 2015) (collecting cases); *see also United States ex rel Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 577 (5th Cir. 2023) (finding standing to challenge sealing of court records in closed case).

### B. ILSR's and the Public's Interests Are Not Adequately Represented

Courts also "consider 'the nature and extent of the intervenors' interests, whether their interests are adequately represented by the other parties, and whether parties seeking intervention will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *Doe v. Columbia Univ.*, No. 23-cv-10393 (DEH), 2024 WL 4149252, at *7 (S.D.N.Y. Sept. 11, 2024) (quoting *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191–92 (2d Cir. 1978)). ILSR has devoted decades to advancing policies that protect the interests of small businesses and consumers like those that appear to be the victims of the price discrimination described in the FTC's Complaint. Mitchell Dec. ¶¶2–5, 7. This includes advocating for renewed enforcement of the Robinson-Patman Act and public education on how price discrimination leads to food deserts, consolidation among food manufacturers, and higher consumer prices. *Id*. It therefore has a significant interest in understanding the full scope and nature of the alleged scheme, the identity of the participants, and how ILSR's stakeholders were impacted by the conduct of those participants. *Hosaflook v. Ocwen Loan Servicing, LLC*, No. 17-cv-28, 2020 WL 13179423, at *1 (N.D. W. Va. Jan. 9, 2020); *cf. StoneX Grp. Inc. v. Shipman*, No. 23-cv-00613 (JGK) (VF), 2025 WL 263194, at *2 (S.D.N.Y. Jan. 22, 2025) (granting motion to intervene by a competitor who suspected former employees of providing plaintiff with proprietary information).

Unfortunately, because the Complaint was dismissed before Pepsi's deadline to justify the continued sealing of the Complaint, arguments for and against the confidentiality of the redacted allegations were never developed before this Court, and public access issues were never fully addressed or decided. Thus, ILSR's only avenue for relief and public access to the Complaint is through permissive intervention under Rule 24. The requirements of that rule are easily satisfied here, and permissive intervention should be granted.

5

## III. PUBLIC ACCESS TO JUDICIAL RECORDS

This Court already identified the strong presumption in favor of public access to judicial records when it ordered Pepsi in January to explain why the Complaint should remain under seal. Dkt. 9 at 1 (citing *Lugosch*, 435 F.3d at 119-20). The FTC's dismissal of the Complaint does not divest this Court of jurisdiction to resolve that issue today. *Gambale*, 377 F.3d at 139–40. The principal questions this Court must answer are (1) whether the Complaint "is a judicial document subject to a presumption of access," *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016), and (2) whether any of the redacted allegations are in fact confidential records deserving of some protection.

### A. Complaints Are Presumptively Public Judicial Documents

The first question is easily disposed of. "'A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision.'" *Bernstein*, 814 F.3d at 140 (quoting *Fed. Trade Comm'n v. Abbvie Prods. LLC,* 713 F.3d 54, 62 (11th Cir. 2013)). The public's right and interest in inspecting that judicial document is rooted in common law and the First Amendment. *Id*. at 141. It is not dependent on some proprietary interest in the documents at issue but is instead found "in the citizen's desire to keep a watchful eye on the workings of public agencies." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978).

Critical to the issue before this Court, the Complaint's dismissal and untested veracity is irrelevant. *Bernstein*, 814 F.3d at 132. "[A] sealed complaint leaves the public unaware that a claim has been leveled and that state power has been invoked—and public resources spent—in an effort to resolve the dispute." *Id*. at 141. Thus, "the value of public disclosure is substantial," *id*. at 143, and the presumption of public access is strong, *Lugosch*, 435 F.3d at 119.

6

### B. Pepsi Bears the Onus of Justifying Every Redaction in the Complaint

The second question is not one ILSR can fully address, given the extent of redactions blanketing the Complaint. At a minimum, it is difficult to envision why (1) the identity of the big-box retailer allegedly favored by the price discrimination, (2) information about the disfavored retailers harmed by the scheme, (3) the nature of the scheme and the types of allowances and services given to the favored retailer, and (4) the impact of the scheme on consumers and consumer prices would require protection. In any event, that is not ILSR's argument to make. "The burden of demonstrating that a document should be sealed rests with the party requesting sealing, and that party must overcome the strong presumption in favor of the public's right of access to judicial records." *Button v. Breshears*, No. 24-cv-03757 (MKV), 2024 WL 4742622, at *1 (S.D.N.Y. Oct. 4, 2024) (citing *Lugosch*, 435 F.3d at 119; *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)). That presumption "can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Lugosch*, 435 F.3d at 126.

The current redactions in the publicly available Complaint are not even remotely tailored to specific privacy or confidentiality concerns, and it is Pepsi's burden to address each black box in the Complaint and explain why each redacted allegation merits protection. "[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Generali-U.S. Branch v. Arrowood Indem. Co.*, No. 13-cv-3401 (WHP), 2013 WL 12311009, at *2 (S.D.N.Y. July 11, 2013). To date, no allegations of harm have been made by either party, and Pepsi cannot claim any reliance on the redactions' permanence that might shift its burden to ILSR. *Agent Orange*, 821 F.2d at 147. Both this Court and the FTC publicly expressed skepticism about the need for continued sealing, and the order sealing the Complaint

7

was temporary. Dkt. 9 at 1; FTC Press Release, *supra* note 3. Absent a compelling and particularized demonstration of harm by Pepsi, the Complaint should be unsealed.

## IV.   CONCLUSION

Permissive intervention is routinely granted to non-parties seeking access to judicial documents. ILSR's motion is timely and will not prejudice the parties to this action or delay litigation of this closed case. The document at issue, the FTC's Complaint, is indisputably a judicial document to which the public has a strong presumptive right of access. The burden is on Pepsi to demonstrate that a serious risk of harm outweighs that presumption. For these reasons and those discussed above, ILSR respectfully requests that this Court grant its motion to intervene and unseal the Complaint, so the public can access this important judicial document.

Dated: August 4, 2025

*s/ Amanda G. Lewis*
Amanda G. Lewis (SDNY Bar ID #AL6820)
Cuneo Gilbert & LaDuca LLP
2445 M Street NW, Suite 740
Washington, DC 20037
(202) 789-3960
alewis@cuneolaw.com

Katherine Van Dyck (pro hac vice pending)
KVD Strategies PLLC
1717 N Street NW, Suite 1
Washington, D.C. 20036
katie@kvdstrategies.com

*Attorneys for Movant*
*Institute for Local Self-Reliance*