UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> -v- <br><br> PEPSICO, INC., <br><br> Defendant. | Case No. 1:25-cv-00664-JMF |

NOTICE OF MOTION TO INTERVENE BY THE
INSTITUTE FOR LOCAL SELF-RELIANCE

PLEASE TAKE NOTICE that the Institute for Local Self-Reliance (hereinafter "ILSR") moves to intervene, pursuant to Rule 24 of the Federal Rules of Civil Procedure, in the above-captioned case for the limited purpose of asking this Court to unseal the Complaint filed by the Federal Trade Commission (the "FTC") on January 23, 2025 and placed under seal by this Court on the same day. In support of its Motion, ILSR submits that:

1. The FTC's Complaint against Defendant PepsiCo, Inc. ("Pepsi") alleges violations of Sections 2(d) and 2(e) of the Robinson-Patman Act, 15 U.S.C. § 13(d), (e), and Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45. Sections 2(d) and (e) outlaw discriminatory provision of advertising and promotional allowances (Section 2(d)) and discriminatory provision of services or facilities (Section 2(e)) in connection with the sale of commodities. *Id*. The law is intended to prevent price discrimination in favor of large buyers over smaller ones. *See FTC v. Anheuser-Busch, Inc.*, 363 U.S. 536, 543–44 (1960) ("[T]he 1936 Robinson-Patman amendments to the Clayton Act were motivated principally by congressional

1

concern over the impact upon secondary line competition of the burgeoning of mammoth purchasers, notably chain stores.").

2.    The Complaint alleges that Pepsi's alleged price discrimination "has disadvantaged retailers who compete with [REDACTED] in the resale of Pepsi soft drinks across the United States, including family-owned neighborhood grocery stores, local convenience stores, mid-tier grocers, and independent retailers." Dkt. 1 ¶4. However, the Complaint is heavily redacted, concealing the identity of the favored and disfavored retailers; the types of advertising, promotional allowances, or services the favored retailer received; the geographic and temporal scope of Pepsi's alleged discriminatory practices; the commodities at issue; and the impact of the scheme, including on consumers and consumer prices.

3.    On January 24, 2025, this Court ordered Pepsi to file a letter motion showing why maintaining the Complaint under seal "is consistent with the presumption in favor of public access to judicial documents." Dkt. 9 at 1 (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). On the eve of that filing's deadline, the FTC filed a notice of voluntary dismissal of the above-captioned matter. Dkt. 42. Pepsi never provided any justification to the Court for the continued sealing of the Complaint, but it remains unavailable to ILSR and the general public today.

4.    ILSR is a non-profit organization that champions small businesses and the local communities they serve. It has spent the last several years advocating for renewed enforcement of the Robinson-Patman Act to restore competition in the grocery market sector and eliminate food deserts in rural areas and urban neighborhoods. ILSR and its stakeholders—including small business owners, operators, employees, and customers—have significant interests in how the scheme described in the Complaint impacted their economic interests.

5. The public also has a strong interest in the allegations made by the FTC in the Complaint, which was filed following a multi-year government investigation. Yet the public cannot evaluate the adequacy of the allegations without knowing which buyers are receiving preferential treatment, which buyers are disfavored, what particular allowances and services are at issue, or how the conduct impacted the victims of the alleged scheme or the broader public that the FTC serves.

6. Permissive intervention under Rule 24 is the preferred method for a non-party to ask federal courts to unseal judicial documents, and such motions are routinely granted. *In re Hornbeam Corp.*, No. 14-mc-424 (VSB), 2022 WL 60313, at *1 (S.D.N.Y. Jan. 6, 2022); *see also E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (collecting circuit court cases recognizing procedure). Because this matter was dismissed and is closed, ILSR's intervention poses no risk of delay or prejudice to the parties.

7. Complaints like the one filed by the FTC are judicial records and are therefore "presumptively public." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). A complaint's dismissal does not defeat that presumption or deprive courts of jurisdiction to unseal its records. *In re Pineapple Antitrust Litig.*, No. 04-md-1628-(RMB) (MHD), 2015 WL 5439090, at *2 (S.D.N.Y. Aug. 10, 2015); *Gambale v. Deutsche Bank AG*, No. 02-cv-4791 (HB), 2003 WL 21511851, at *3 (S.D.N.Y. July 2, 2003), *aff'd and remanded*, 377 F.3d 133 (2d Cir. 2004).

8. The early dismissal of the Complaint mitigates in favor of the relief requested by ILSR. It ensured that, absent successful intervention by ILSR or another third party, the significantly redacted allegations made by the FTC will never receive the sunlight or public scrutiny that our courts, the common law, and our Constitution demand. *Bernstein v. Bernstein*

*Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016). ILSR moves to intervene today to rectify that situation.

9. A memorandum of law in support of ILSR's motion to intervene and a declaration by ILSR's co-executive director, Stacy Mitchell, are being filed contemporaneously herewith. Counsel for Movant informed the FTC of its intent to file this motion on July 25, 2025. The agency is still reviewing the complaint and was not yet prepared to take a position on the relief sought at the time of filing. Pepsi opposes the motion.

WHEREFORE ILSR respectfully requests that this Court grant its motion to intervene and unseal the Complaint.

Dated: August 4, 2025

The motion to intervene is GRANTED. The Court reserves judgment on the motion to unseal. If any party believes that the materials at issue should remain sealed or redacted, that party shall file any opposition no later than **August 15, 2025**, showing why doing so is consistent with the presumption in favor of public access to judicial documents. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Absent prior leave of Court, no replies may be filed.

SO ORDERED.

August 4, 2025

s/ *Amanda G. Lewis*
Amanda G. Lewis (SDNY Bar ID #AL6820)
Cuneo Gilbert & LaDuca LLP
2445 M Street NW, Suite 740
Washington, DC 20037
(202) 789-3960
alewis@cuneolaw.com

Katherine Van Dyck (pro hac vice pending)
KVD Strategies PLLC
1717 N Street NW, Suite 1
Washington, D.C. 20036
katie@kvdstrategies.com

*Attorneys for Movant*
*Institute for Local Self-Reliance*