# GIBSON DUNN

Stephen Weissman
Partner
T: +1 202.955.8678
sweissman@gibsondunn.com

August 15, 2025

<u>VIA ECF</u>

The Honorable Jesse M. Furman
United States District Court Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *FTC v. PepsiCo, Inc.*, No. 1:25-cv-00664-JMF

Dear Judge Furman:

    Pursuant to Rule 7(C) of this Court's Individual Rules and Practices in Civil Cases, Defendant PepsiCo, Inc. ("Pepsi") respectfully submits this letter-motion seeking the Court's approval to file Appendix A to its Opposition to Motion to Unseal by Institute for Local Self-Reliance ("Appendix") and the Declaration of Daniel Murray in Support of Defendants' Memorandum of Law in Opposition to Motion to Unseal ("Declaration") under seal.

    Pepsi's request for sealing is consistent with precedent in the Second Circuit and this District concerning sealing. In the Second Circuit, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the "weight" of the presumption of public access to the documents, and then balance any "countervailing factors." *Id.* at 119–20. Such factors include "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

    Here, while the Appendix and Declaration are judicial documents, the presumption of public access is outweighed by competing considerations. Both the Appendix and Declaration include commercially and competitively sensitive information, the public disclosure of which will harm Pepsi and third parties. The Appendix reveals the content of information redacted in the Complaint and which Pepsi seeks to retain under seal. Similarly, the Declaration includes nonpublic business information, including details about Pepsi's operations, strategies, and relationships with third parties. Accordingly, Pepsi has both good cause and a compelling reason to file its Appendix and Declaration under seal.

    For the reasons stated above, Pepsi respectfully requests that this letter-motion be granted in its entirety and this Court approve the Appendix and Declaration to be filed under seal. Should the Court determine that a redacted version of the Declaration should be filed for public view, Pepsi stands ready to provide one consistent with the Court's instructions.

**GIBSON DUNN**

Respectfully submitted,

*/s/ Stephen Weissman*
Stephen Weissman (*pro hac vice*)
sweissman@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone:  202.955.8678

*Counsel for Defendant PepsiCo, Inc.*

**GIBSON DUNN**