**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FEDERAL TRADE COMMISSION,

      Plaintiff,

-v-

PEPSICO, INC.,

      Defendant.

Case No. 1:25-cv-00664-JMF

**REPLY IN SUPPORT OF MOTION TO UNSEAL**
**BY INTERVENOR INSTITUTE FOR LOCAL SELF-RELIANCE**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

I.    ARGUMENT ................................................................................................... 1

    A.    Pleadings Filed by Government Agencies are Presumptively Public Judicial
        Documents ............................................................................................... 1

        1.    The Complaint is a judicial document. ...................................... 1

        2.    The FTC's involvement makes the presumption in favor of public access
            potent.................................................................................... 3

    B.    Opposing Considerations Do Not Merit Sealing ...................................... 5

        1.    Defendants Have Not Met Their Burden .................................... 5

        2.    The Threat of Litigation or Embarrassment Does Not Justify Sealing....... 8

        3.    Confidentiality in FTC Investigations Does Not Extend to Court
            Proceedings ............................................................................ 8

II.   CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

## Cases

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
   814 F.3d 132 (2d Cir. 2016) ..................................................................... 1, 3, 4, 6

*Brown v. Maxwell*,
   929 F.3d 41 (2d Cir. 2019) ................................................................................. 1

*Coscarelli v. ESquared Hosp. LLC*,
   No. 18-cv-5943 (JMF), 2021 WL 5507034 (S.D.N.Y. Nov. 24, 2021) ..................... 8

*Diesel S.P.A. v. Diesel Power Gear, LLC*,
   No. 19-cv-09308 (JLR), 2023 WL 5713713 (S.D.N.Y. Sept. 5, 2023) ..................... 6

*Doe v. Public Citizen*,
   749 F.3d 246 (4th Cir. 2014) .............................................................................. 3

*Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211 (1979) ....................... 9

*E.E.O.C. v. Nat'l Children's Ctr., Inc.*,
   98 F.3d 1406 (D.C. Cir. 1996) ............................................................................ 3

*Fed. Trade Comm'n v. AbbVie Prods. LLC*,
   713 F.3d 54 (11th Cir. 2013) ............................................................................... 1

*Fed. Trade Comm'n v. Match Grp., Inc.*,
   No. 1:22-mc-54 (RJL/GMH), 2023 WL 3181351 (D.D.C. May 1, 2023) ................. 3, 9

*Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp.*,
   830 F.2d 404 (1st Cir. 1987) ............................................................................. 3, 8

*Fed. Trade Comm'n v. Syngenta Crop Prot. AG*,
   695 F. Supp. 3d 701 (M.D.N.C. 2023) ............................................................... 3, 9

*Fleming Intermediate Holdings LLC v. James River Grp. Holdings Ltd.*,
   No. 24-cv-05335 (JLR), 2024 WL 4700013 (S.D.N.Y. Nov. 6, 2024) ................... 5, 6

*Gambale v. Deutsche Bank AG*,
   377 F.3d 133 (2d Cir. 2004) ............................................................................... 7

*Giuffree v. Maxwell*,
   No. 24-182, ___ F.4th ___, 2025 WL 2055148 (2d Cir. July 23, 2025) ............... 2, 3

*Hyatt v. Lee*,
   251 F. Supp. 3d 181 (D.D.C. 2017) ..................................................................... 3

*In re IBM Arb. Agreement Litigation*,
   76 F.4th 74 (2d Cir. 2023), *cert. denied sub nom. Abelar v. Int'l Bus. Machines Corp.*,
   144 S. Ct. 827 (2024) ................................................................................................. 2

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*,
   No. 14-mc-2542 (VSB), 2023 WL 196134 (S.D.N.Y. Jan. 17, 2023), *reconsideration
   denied*, No. 14-mc-2542 (VSB), 2023 WL 3966703 (S.D.N.Y. June 13, 2023) ..................... 6

*Kamakana v. City & Cnty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) ................................................................................... 8

*Kochan v. Cnty. of Cattaraugus Sheriff Deputy*,
   No. 17-cv-00452, 2020 WL 8812836 (W.D.N.Y. Mar. 10, 2020) ........................................ 8

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006) ............................................................................... 2, 3, 5

*Marisol A. v. Giuliani*,
   No. 95-cv-10533 (RJW), 1997 WL 630183 (S.D.N.Y. Oct. 10, 1997) .................................. 3

*Sec. & Exch. Comm'n v. Waldman*,
   No. 17-cv-2088 (RMB), 2019 WL 1644965 (S.D.N.Y. Feb. 14, 2019) .................................. 3

*United States v. Amodeo*,
   71 F.3d 1044 (2d Cir. 1995) ................................................................................... 2, 8

**Statutes**

15 U.S.C. § 57b-2 ................................................................................................... 8

**Rules**

Fed. R. Civ. P. 11 .................................................................................................... 4

Intervenor Institute for Local Self-Reliance ("ILSR"), by and through its attorneys, respectfully submits this reply brief in support of its motion to unseal the Complaint (the "Motion") filed in this matter by the Federal Trade Commission ("FTC") on January 23, 2025.

## I.    ARGUMENT

### A.    Pleadings Filed by Government Agencies are Presumptively Public Judicial Documents

#### 1.    The Complaint is a judicial document.

Opposition to ILSR's Motion is based largely on the FTC's early dismissal of the Complaint and the Republican FTC commissioners' disagreement with its merits. The Second Circuit and its sister courts have, on more than one occasion, squarely addressed these arguments and rejected them. "[T]he proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[P]leadings—even in settled cases—are Judicial records subject to a presumption of public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016). Complaints are judicial documents because they are "the cornerstone of every case, the very architecture of the lawsuit…." *Fed. Trade Comm'n v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013); *see also id*. (collecting cases). Their early dismissal does not change this because "the fact of filing a complaint, whatever its veracity, is a significant matter of record." *Bernstein*, 814 F.3d at 140.

The cases Pepsi and the Chamber of Commerce (the "Chamber") rely on to rebut this are inapposite. In the first, a summary judgment motion remained under seal because it was filed in an attempt to circumvent an arbitration agreement, and "the Federal Arbitration Act's [] strong policy in favor of enforcing arbitral confidentiality provisions" outweighed the right of public access. *In re IBM Arb. Agreement Litigation* ("*IBM*"), 76 F.4th 74, 78–79, 85–86 (2d Cir. 2023),

*cert. denied sub nom. Abelar v. Int'l Bus. Machines Corp.*, 144 S. Ct. 827 (2024). There is no countervailing statutory mandate or attempt at circumvention here.

Regarding the second, the opposition's reading of *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044 (2d Cir. 1995), has been rejected multiple times. *Amodeo II* did not hold that the right to public access attached only when a motion (or by extension a complaint) is adjudicated. *Brown*, 929 F.3d at 48; *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 122 (2d Cir. 2006). The logic of the argument is deeply flawed because whether a document is a judicial document does not turn on its ultimate disposition. *Lugosch*, 435 F.3d at 122. Documents submitted to a court for adjudication "become documents to which the presumption of public access applies" at the time of filing, "a framing that has nothing to do with how a court ultimately comes out." *Id.*

Finally, the Chamber misrepresents the holding in *Giuffree v. Maxwell*, No. 24-182, ___ F.4th ___, 2025 WL 2055148 (2d Cir. July 23, 2025). The Second Circuit there did not rule that a case becoming moot weakens the presumption of public access or negates a document's status as a "judicial document." Chamber Br., at 3. To the contrary, the Second Circuit "state[d] explicitly that a judicial document determination is properly made by evaluating the relevant materials *at the time of their filing with the court* …. [T]he subsequent mooting of the motion is irrelevant to that determination." *Giuffree*, 2025 WL 2055148 at *6 (emphasis added). The Court went on to explain, "a motion that is moot when filed is not properly identified as a judicial document because it can have no tendency to influence a district courts' exercise of adjudicatory power." *Id.* at *9. "[T]he same conclusion *does not obtain* with respect to a motion that, when filed, sought to secure a particular ruling within the court's Article III power." *Id.* (emphasis added).

The Second Circuit, via its rulings in *Giuffree*, *Bernstein*, *Brown*, and *Lugosch*, could not be clearer. "[T]he identification of a judicial document is a binary decision made as of the time of the document's filing …. Subsequent events do not alter that conclusion." *Id*. The Complaint's early dismissal is therefore irrelevant to this Court's ruling. It is a judicial document subject to the presumption in favor of public access.

### 2.    The FTC's involvement makes the presumption in favor of public access potent.

The next question for this Court is what weight the presumption is given. *Bernstein*, 814 F.3d at 142 (quoting *Lugosch*, 435 F.3d at 119). The presumption of public access in this case is, by virtue of the FTC's involvement, at its strongest. *Sec. & Exch. Comm'n v. Waldman*, No. 17-cv-2088 (RMB), 2019 WL 1644965, at *2 (S.D.N.Y. Feb. 14, 2019). "Indeed, the public has a strong interest in monitoring not only functions of the courts but also the positions that its elected officials and government agencies take in litigation." *Doe v. Public Citizen*, 749 F.3d 246, 271 (4th Cir. 2014).[1] "Members of the public have a discrete interest in monitoring agency-spending of their tax dollars." *Marisol A. v. Giuliani*, No. 95-cv-10533 (RJW), 1997 WL 630183, at *4 (S.D.N.Y. Oct. 10, 1997). "[I]n such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch." *Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987).

The public interest in agency action is particularly strong here. As Pepsi and the Chamber repeatedly point out, current Chairman Andrew Ferguson and former Chair Lina Khan, as well as

---

[1] *See also E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (same); *Fed. Trade Comm'n v. Match Grp., Inc.*, No. 1:22-mc-54 (RJL/GMH), 2023 WL 3181351, at *10 (D.D.C. May 1, 2023) (same); *Fed. Trade Comm'n v. Syngenta Crop Prot. AG*, 695 F. Supp. 3d 701, 707 n.3 (M.D.N.C. 2023) (same); *Hyatt v. Lee*, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) (same).

Commissioners Mark Meador, Melissa Holyoak, and Rebecca Slaughter and former Commissioner Alvaro Bedoya, have publicly expressed sharp disagreement over the Complaint's merits. Chairman Ferguson and his Republican colleagues have called the Complaint "nakedly political."[2] Meanwhile, Chair Khan and Commissioner Bedoya stated at the time of filing that delaying action "for further confirmation of the patently illegal scheme alleged in the complaint would be an abdication of [the FTC's] duty."[3]

In any event, the Complaint is unlikely to be filled with "raw, unverified information." Br. of Chamber, at 9. It is the result of a multi-year investigation by experienced government attorneys,[4] in which Pepsi produced "hundreds of thousands" of documents. Pepsi Op., at 2. It was filed with robust support from then-Chair Lina Khan and was dismissed over the objection of minority commissioners Alvaro Bedoya and Rebecca Slaughter.[5] The attorneys who signed and filed the Complaint are experienced government attorneys and were under numerous ethical obligations—via their positions as trial attorneys at the FTC, their membership in their respective bar associations, and the Federal Rules of Civil Procedure—to ensure that the Complaint's allegations had evidentiary support and were not made for any improper purpose. *Bernstein*, 814 F.3d at 140 (quoting Fed. R. Civ. P. 11(b)(3)). There is no evidence, beyond the Republican

---

[2] Statement of Chairman Andrew N. Ferguson Joined by Commissioner Melissa Holyoak In the Matter of Non-Alcoholic Beverages Price Discrimination Investigation, Matter Number 2210158, at 2 (May 22, 2025), *available at* https://www.ftc.gov/system/files/ftc_gov/pdf/Pepsi-Dismissal-Ferguson-Statement-05-22-2025.pdf.

[3] *See* Statement of Chair Lina M. Khan and Commissioner Alvaro M. Bedoya In the Matter of Non-Alcoholic Beverages Price Discrimination Investigation ("Khan Statement"), Commission File No. 2210158, at 8 (Jan. 17, 2025), *available at* https://www.ftc.gov/system/files/ftc_gov/pdf/statement-khan-bedoya-non-alcoholic-beverages-price-discrimination-investigation.pdf (describing an investigation that spanned two and a half years).

[4] *See id*. at 7.

[5] *See* Ex. 1, Statement of Commissioner Alvaro M. Bedoya & Commissioner Rebecca Kelly Slaughter on the Decision to Drop the FTC's Price Discrimination Lawsuit Against PepsiCo ("Bedoya Statement"), MLex (May 28, 2025) (affirming that they voted in favor of the Complaint because they "had reason to believe that Pepsi was violating the law"). Commissioners Bedoya and Slaughter issued a statement reflecting their dissent via online publication MLex because they were removed from office by President Trump on March 18, 2025.

Commissioners' unverified statements and Pepsi's self-serving claims of frivolity, to suggest anything untoward. Nor could any member of the public weigh these conflicting statements, made by government officials from opposing political parties, unless this Court unseals the Complaint as ILSR requests.[6]

### B.    Opposing Considerations Do Not Merit Sealing

#### 1.    Defendants Have Not Met Their Burden

The FTC's Complaint contains over 100 redactions, representing approximately 15 to 20 percent of the judicial document. These redactions must be justified by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. The burden is on the party defending the redactions. *Id*. at 126. It is a high burden, and the Second Circuit has instructed courts to resolve the issue quickly. *Id*. at 126–27. "'[T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Id*. at 127 (citation omitted).

Pepsi and the Chamber make broad assertions that the redactions protect highly sensitive and competitive business information.[7] Pepsi argues that disclosure would harm its competitive standing and its reputation with its customers. Such claims of commercially sensitive information "must be concretely and specifically described." *Fleming Intermediate Holdings LLC v. James River Grp. Holdings Ltd.*, No. 24-cv-05335 (JLR), 2024 WL 4700013, at *2 (S.D.N.Y. Nov. 6, 2024) (quotations omitted). Pepsi "must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to

---

[6] *See id*. (noting that "the public will never know" who is right if the Complaint remains sealed).

[7] The Chamber argues that unsealing the Complaint will harm its members but does not explain why or how. This is not surprising. The Chamber presumably has no more access to the redacted allegations than ILSR.

warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Id*. at \*2. But Pepsi "does not explain why this information is sensitive or *how* harm will result if it is disclosed." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-mc-2542 (VSB), 2023 WL 196134, at \*7 (S.D.N.Y. Jan. 17, 2023), *reconsideration denied*, No. 14-mc-2542 (VSB), 2023 WL 3966703 (S.D.N.Y. June 13, 2023) (emphasis added). For example, Pepsi does not explain how any of the information could be used in negotiations to harm its business or why its disclosure would result in loss of shelf space. And its assertions of reputational harm are, as explained in Section B.2 *infra*, generally not a basis for sealing. In short, Pepsi's conclusory claims of harm "fall[] woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal." *Bernstein*, 814 F.3d at 145 (quotations omitted).

Pepsi also fails to specifically address the categories of information identified in ILSR's Motion—"the identity of the 'big box Retailer' receiving preferential allowances and services from Pepsi; the disfavored smaller retailers harmed by the conduct; the nature, scope, and impact of the alleged scheme; and the commodities sold." ILSR Br., at 2.  First, these allegations are central to the Complaint, and "courts are particularly 'skeptical of sealing information that is commercially sensitive ... where it is highly relevant to the dispute …." *Diesel S.P.A. v. Diesel Power Gear, LLC*, No. 19-cv-09308 (JLR), 2023 WL 5713713, at \*2 (S.D.N.Y. Sept. 5, 2023) (quoting *In re Keurig*, 2023 WL 196134, at \*33). Second, Pepsi's burden to maintain all of the existing redactions is particularly difficult to meet here because some of the redacted allegations are already been the subject of media reports. For example, it has been widely reported that the

big box retailer whose identity remains redacted is Walmart.[8] And regarding the allegedly disfavored retailers, Pepsi products are widely distributed across the United States, and it is not difficult to ascertain which stores carry their products or what price at which they are sold to consumers. As a result, this Court "do[es] not have the power to make what has [] become public private again." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004); *see also id*. at 144 n.11 ("This is generally so when information that is supposed to be confidential—whether it be settlement terms of a discrimination lawsuit or the secret to making the hydrogen bomb—is publicly disclosed.") (citations omitted). And it renders implausible the argument that all of the redactions protect competitively sensitive information.

      ILSR is attempting to understand which specific retailers were allegedly favored, which were allegedly disfavored, and how. These are the core facts of the Complaint, and without access to them, the public cannot evaluate the lawsuit's merits, the wisdom of how their taxpayer dollars were spent by the agency, or even whether the information produced was somehow misused by the FTC to persecute Pepsi. Pepsi does not sufficiently explain how its alleged confidentiality interests (which ILSR still cannot assess because Pepsi has again moved to seal them and submitted *ex parte* filings) outweigh this strong presumption in favor of public access to the pleading.[9]

---

[8] Amelia Lucas, *FTC sues PepsiCo, alleging price discrimination is raising costs for consumers*, CNBC (Jan. 17, 2025), *available at* https://www.cnbc.com/2025/01/17/ftc-sues-pepsico-over-price-discrimination.html.

[9] Pepsi points the Court to a list of other FTC cases and pleadings that are under seal, including *FTC v. IQVIA Holdings Inc*., No. 1:23-cv-06188, as a justification for the continued sealing of the Complaint in this matter. A review of the *IQVIA* docket shows that the various motions to seal in that matter were unopposed and based on the unchallenged assertion by parties that certain information was "confidential" and would lead to unidentified harms. *E.g. FTC v. IQVIA Holdings Inc*., No. 1:23-cv-06188, Dkts. 33, 57, 86, 105. They were granted via stamped memo endorsements that contain no particularized findings weighing the public's right of access against the claimed confidentiality, and they have minimal precedential value here.

### 2.    *The Threat of Litigation or Embarrassment Does Not Justify Sealing*

The opposing parties also argue that the Complaint should remain sealed to protect Pepsi from additional litigation, asserting that ILSR filed its Motion for some improper purpose. ILSR has no involvement in the newly filed class action against Pepsi. Dec. of Stacy Mitchell, ¶2. It is not a party to the action, is not a member organization, and has no affiliation with the named plaintiff, his business, or his attorneys. *Id*. Regardless, ILSR's motive to unseal the Complaint, and any public scrutiny that unsealing may bring on Pepsi, is irrelevant. *Amodeo II*, 71 F.3d at 1050. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also Kochan v. Cnty. of Cattaraugus Sheriff Deputy*, No. 17-cv-00452, 2020 WL 8812836, at *12 (W.D.N.Y. Mar. 10, 2020) (same); *Coscarelli v. ESquared Hosp. LLC*, No. 18-cv-5943 (JMF), 2021 WL 5507034, at *21 (S.D.N.Y. Nov. 24, 2021) (refusing to seal information containing "pejorative terms").

### 3.    *Confidentiality in FTC Investigations Does Not Extend to Court Proceedings*

Pepsi and the Chamber lean heavily on the privacy expectations of parties that respond to FTC subpoenas and civil investigative demands ("CIDs") to rebut the presumption in favor of public access. It is true that the FTC Act requires the agency to treat certain information it receives during investigations as confidential. 15 U.S.C. § 57b-2(f)(1). However, the FTC Act also explicitly allows disclosure "in judicial proceedings to which the Commission is a party." *Id*. § 57b-2(d)(1)(C). This language "brooks no doubt. It plainly exempts judicial proceedings like this one … from the confidentiality requirements of the statute. The only precondition is that the information be 'relevant and material.'" *Standard Fin. Mgmt.*, 830 F.2d at 411. In other

words, there is no expectation of privacy once an investigation transforms into a judicial proceeding. Moreover, the designation of information as "confidential" by producing parties during those investigations "hold[s] no sway over the court." *Syngenta Crop Prot.*, 695 F. Supp. 3d at 707 n.3. "Section 57b-2(d)(1)(C) overrides the mandated confidentiality of material collected in an FTC investigation where court action is pursued. That should not be a surprise, given the presumption of public access to judicial records." *Match Grp.*, 2023 WL 3181351, at *12.

Pepsi's attempt to support this argument by analogizing FTC investigations to grand jury subpoenas is misguided at best. First, ILSR is not asking for the underlying documents produced during the agency's investigation. It is asking for access to a complaint that is presumptively public. Second, unlike presumptively public civil proceedings, grand jury proceedings are inherently secret and have been since at least the 17th Century. *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218 & n. 9 (1979). Courts protect that secrecy for a number of reasons, none of which apply here. *See id.* (describing risks of publicizing grand jury proceeding). For example, the FTC Act tells the public that information produced might become public if a lawsuit is filed, meaning there is no expectation of privacy here. Moreover, Pepsi has not been adjudicated innocent (or even charged criminally) under the Robinson-Patman Act. The Complaint was dismissed without prejudice, leaving open the FTC's ability to re-file the case if it so desires.

Finally, and perhaps most importantly, no other parties have opposed ILSR's Motion. The FTC has not filed an opposition asking the Court to protect any of the information. Materially affected third parties, who received notice from the FTC of ILSR's Motion,[10] have not

---

[10] Prior to filing the Motion, counsel for ILSR communicated with counsel for the FTC to obtain its position on the relief sought in its Motion. Dec. of Katherine Van Dyck, ¶2. The FTC informed counsel that it was notifying third

filed an opposition. Thus, there is no objection to unsealing the portions of the Complaint

discussing those third parties' information, and the presumption in favor of public access to that

information should prevail.

## II.    CONCLUSION

In sum, the Complaint indisputably falls into the category of judicial documents that are

presumptively public. The involvement of the FTC and the centrality of the redacted allegations

to the Complaint only heighten the presumption in favor of public access. No reasonable person

could expect such non-confidential information to remain under seal once the FTC filed its

Complaint. Nor has any other party asked for their information to remain under seal. Pepsi's

justifications are broad, difficult to assess because they are under seal, and unavailing. For these

reasons and any other the Court finds just and proper, Intervenor ILSR respectfully asks this

Court to grant its Motion and unseal the Complaint.


Dated: August 22, 2025                    *s/ Katherine Van Dyck*
                                          Katherine Van Dyck
                                          KVD Strategies PLLC
                                          1717 N Street NW, Suite 1
                                          Washington, D.C. 20036
                                          (202) 798-1948
                                          katie@kvdstrategies.com

                                          Amanda Lewis
                                          Cuneo Gilbert & LaDuca LLP
                                          2445 M Street NW, Suite 740
                                          Washington, DC 20037
                                          (202) 789-3960
                                          alewis@cuneolaw.com


                                          *Attorneys for Intervenor*
                                          *Institute for Local Self-Reliance*

---

parties who whose identities and/or information was included in the redacted portions of the publicly available Complaint. *Id.* ¶3. Counsel for the FTC later confirmed that those materially affected third parties did in fact receive notice of ILSR's Motion. *Id.* ¶4.